UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MATTHEW A. DONOHO,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0589 AS |
| | ) | |
| **JOHN R. VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about September 19, 2005, *pro se* petitioner, Matthew A. Donoho, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 31, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a handwritten Traverse on February 16, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding which recommended and sanctioned him to removal from school, which generally does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). However, he was demoted from credit class I to credit class II and has an earned time credit deprivation of 90 days which implicates

*Wolff v. McDonnell*, 418 U.S. 539 (1974).  The procedures enunciated in *Wolff* have been followed in the state proceedings which are indicated at IYC 04-07-0012.  In fact, they were had at a place outside the territorial area of this district, namely in Plainfield, Indiana which is within the territorial area of the United States District Court for the Southern District of Indiana.  However, since the petitioner is in this district, the venue and jurisdiction here appear appropriate.

The court must revisit the subject of urinalysis in the context of an Indiana state penal facility.  The evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).  The focus here is on the actions of this petitioner during the taking of a specimen during a urinalysis test. The focus, therefore, is somewhat more narrow than would be indicated by the petitioner's papers and contentions.  The charge narrowly construed appears to be that he interfered with appropriate and permissible testing.  As delicate as the subject may be, there is certainly some evidence that this petitioner was attempting to adulterate his specimen with a razor, an instrument which probably should not have been in his possession. Looked at under *Henderson v. U.S. Parole Commission*, 13 F.3d 1073 (7th Cir. 1993), this petitioner simply does not get to establish a basis for relief under 28 U.S.C. §2254.

This court has an array of documents designated A through F, both inclusive, which explicate in great detail the proceedings involved, as well as the petitioner's Traverse.  Most respectfully, there is no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

DATED:  March 1, 2006

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**